# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3004 | **DATE** | 10/19/2010 |
| **CASE TITLE** | Bogumila Lobrow vs. Village of Port Barrington | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court grants defendant's motion to dismiss [doc. no. 11] and dismisses plaintiff's complaint without prejudice. Plaintiff has fourteen days from the date of this order to amend her complaint to state a viable CWA claim. If she fails to do so in that time, the Court will dismiss this suit with prejudice.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

In August 2001, the Village of Port Barrington, which was then called the Village of Fox River Valley Gardens, entered into an annexation agreement with the owners and developers of a parcel of land that is now called the Deer Grove subdivision. (Compl. ¶¶ 7- 8.) Deer Grove is a wetland area subject to section 404 of the Clean Water Act ("CWA"), which bans the discharge of dredge or fill material into navigable waters without a permit from the Secretary of the Army. (*Id.* ¶¶ 12-13); *see* 33 U.S.C. § 1344. Plaintiff says defendant allowed Deer Grove to be developed without ensuring that the necessary permits had been obtained, thereby violating the statute. Defendant contends that the CWA claim is not viable and asks the Court to dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Seventh Circuit's decision in *Froebel v. Meyer*, 27 F.3d 928 (7th Cir. 2000), dooms plaintiff's claim. In that case, the Wisconsin Department of Natural Resources ("WDNR") removed a dam on the Oconomowoc River, causing large amounts of silt and sediment to flow into the river. *Id.* at 931. Plaintiff sued the WDNR, "argu[ing] that the removal of [the dam] led to a discharge of fill materials for which WDNR should have sought a permit" under § 404 of the CWA. *Id.* at 932. In addition, however, plaintiff sued Waukesha County, which "was not involved in the removal of [the dam], but . . . owned the property on which [it] was located." *Id.*

The Seventh Circuit dismissed the claim against the County, saying:

**STATEMENT**

> The problem with Froebel's theory is that there is nothing in either the regulations or the case law interpreting Section 404 that indicates that a landowner can fall within the permit requirement for a "discharge" by doing absolutely nothing at all. . . .
>
> . . . .
>
> Section 404, its underlying regulations, and cases applying its terms all have a common element that is lacking in Froebel's claims against Waukesha County – active conduct that results in the discharge of dredged or fill material. If the county were to pile silt on the riverbank and deliberately allow rainfall to wash it into the stream, then Section 404 might become relevant. Here, however, Froebel's claim would essentially require Waukesha County to seek a permit to do nothing but continue to own the land.

*Id.* at 938-39; *see United States v. Savoy Senior Housing Corp.*, No. 6:06cv031, 2008 WL 631161, at *4 (W.D. Va. Mar. 6, 2008) ("The court is aware of no legal theory under which Campbell County could be held liable for Frydman's alleged violations of the permitting provisions of the CWA."); *Love v. N.Y. State Dep't. of Envtl. Conservation*, 529 F. Supp. 832, 843 (S.D.N.Y. 1981) ("There is nothing in Section 404 . . . , which imposes a duty on local governments to insure that private parties secure a permit from the Secretary of the Army.").

Plaintiff contends that her claim remains viable in the wake of *Froebel* because the Village not only owned the land but actively participated in the CWA violation by conspiring with the developer to accomplish it. *Froebel* teaches, however, that conspiring to violate the statute is not the kind of action for which CWA liability can be imposed:

> Section 404 . . . establishes a permitting system for discharging dredged or fill material. . . .
>
> . . . . A "discharge of dredged material" refers to "any addition of dredged material . . . including redeposit of dredged material other than incidental fallback" into navigable water. 33 C.F.R. § 323.2(d)(1). Similarly, a "discharge of fill material" is "the addition of fill material into waters of the United States." 33 C.F.R. § 323.2(f). The reference to "addition" and "redeposit" strongly suggest that a Section 404 permit is required only when the party allegedly needing a permit takes some action, rather than doing nothing whatsoever (as Waukesha County has done here).
>
> . . . . It is not at all difficult to imagine that water could be used to dredge or fill a riverbed when a person directs the water for that purpose. However, Froebel presents no authority for the proposition that dredging can be a purely passive activity. . . . So, while it is possible that the state defendants have engaged in unlawful dredging by removing [the dam] and allowing the Oconomowoc River to clean out the impoundment, Waukesha County has not.

*Froebel*, 217 F.3d at 938-39; *see Love*, 529 F. Supp. at 841-43 (holding that a municipality's "knowing acquiescence" to a third-party's CWA violation is not a basis for imposing CWA liability). Because plaintiff has not alleged that the Village of Port Barrington discharged dredged or fill material into the Deer Grove wetlands, she has not stated a viable CWA claim against it.